SHEPARD *v.* EDDY.

*(Supreme Court, General Term, Fifth Department.* October 19, 1888.)

1. REFERENCE—CONSTITUTIONAL LAW—TRIAL BY JURY.

The right of trial by jury, guarantied by Const. N. Y. 1846, art. 1, § 2, extends only so far as that right was recognized at the time of the adoption of the constitution; and as it was then, and had long been, the authorized practice to direct a reference in cases involving the examination of a long account, and not requiring the decision of any difficult question of law, a party cannot object to a reference of such a case, on constitutional grounds.

2. SAME—WHEN ORDERED.

In an action to recover for services rendered and advancements made as agent in charge of defendant's real estate, plaintiff moved for a reference, his affidavit stating that "the plaintiff's accounts of his receipts and disbursements in said business are made up of upwards of a hundred separate and distinct items, each one of which will be the subject of investigation upon the trial." *Held,* a proper case for a reference under Code Civil Proc. N. Y. § 1013, providing therefor when the trial will require the examination of a long account on either side.

Appeal from special term, Erie county.

This appeal is taken by defendant from an order referring the issues for trial and determination by a referee in an action brought by Charles F. Shepard against George P. Eddy as committee of Emeline A. Scovell, a person of unsound mind.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Joel Walker,* for appellant. *J. L. Romer,* for respondent.

BRADLEY, J. The action was brought against Emeline A. Scovell, and by the complaint the plaintiff alleged that prior to March 25, 1864, he was employed by her to take charge of her divers parcels of real estate situate in the city of Buffalo, to attend to renting and improvement of such lands, and to collect the rents and see that the buildings on them were kept in repair and insured, to pay the taxes, and generally to take charge and management of the property, and make sales of the lands; that he did this, and in doing so rendered

services, expended and advanced moneys in that behalf until in 1885, which, with interest on yearly balances to May 1, 1885, amounted to $56,511.21; that there has been paid and applied on his claim by moneys collected and received by him $50,569.19, and he demands judgment for the balance and interest. The defendant by her answer admitted that she owned certain lands in the city, and denied upon information and belief the other allegations of the complaint. Upon the plaintiff's motion for a reference the affidavit in support of the motion stated that "the plaintiff's accounts of his receipts and disbursements in said business are made up of upwards of a hundred separate and distinct items, each one of which will be the subject of investigation upon the trial." This is not controverted by the affidavit in opposition to the motion, but it is there stated that the defendant is over 70 years of age; that she has a good defense on the merits; that she has been adjudged a person of unsound mind; and that George Eddy had been appointed a committee of her person and property. The court made an order referring the action, and by it also substituted such committee as defendant. The case seems by the affidavit on the part of the plaintiff to be brought within the statute, which provides that the court may direct a trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law. Code Civil Proc. § 1013. And such has been the practice in this state authorized by statute for 75 years. It is not alleged by affidavit, or claimed on the part of the defendant, that the trial will require the decision of any difficult question of law, but reference is made by counsel to the constitutional right of trial by jury. This is guarantied, so far as it existed at the time of the adoption of the constitution of 1846, art. 1, § 2. But as applied to actions the trial of which requires the examination of a long account the right is still, as it was then, so qualified that the court may direct a trial by referee. *Van Marter* v. *Hotchkiss,* 4 Abb. Dec. 484, *40 N. Y. 585.

The counsel suggests in his brief the impropriety of referring the claims of one officer of the court to another having a like relation to it. It may be inferred that he intended to be understood that the plaintiff is a lawyer, although nothing appears to that effect in the papers upon which the appeal is heard. The business out of which the alleged claims of the plaintiff arose did not necessarily require the services of a member of the legal profession. The nature of the claim and the numerous items of the account involved, and which it seems will require consideration, renders the case a proper one for reference, as the trial will require much care and patience. And the numerous items would seem to render a trial before a jury quite impracticable. The fact that the original defendant is incapable of intelligently understanding her rights, and is represented by a committee, is not apparently any reason why an attempt should be made to try the issues before a jury, but, on the contrary, that situation would seem to require opportunity for investigation on the part of the defense, and the care and deliberation which could be had and given only upon a trial before a referee. Upon the facts as presented by the papers no occasion appears for interference with the action of the special term. The order should be affirmed.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur.